```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| **TEHERESI BROWN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 06 C 5542 |
| | ) |
| **A. MORA STAR # 135, OTHER UNKNOWN CALUMET CITY POLICY OFFICERS** and **THE CITY OF CALUMET CITY,** | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before me is a motion brought by defendant the city of Calumet City (the "city") under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Teheresi Brown's ("Brown") complaint. Brown's complaint alleges that on February 15, 2006, defendants illegally entered her hotel room without a search warrant and without witnessing her violate any law and proceeded to search the room and then arrest her. Brown further alleges that the defendant officers subsequently wrote false police reports stating that she had resisted arrest and committed criminal trespass and battery, and that based on those false reports Brown was charged with a crime. On April 6, 2006, the state's attorney dismissed the charges against Brown; defendant Officer Mora ("Mora") was not present in the courtroom. Brown's three-count complaint brings claims under 42 U.S.C. § 1983 for a violation of Brown's Fourth Amendment rights (Count I), a state law malicious prosecution claim (Count II), and

a state law statutory indemnification claim under 745 ILL. COMP. STAT. 10/9-102. The city's motion to dismiss contends that I should dismiss Count II because Brown cannot show that the state court proceedings were terminated in her favor.[1] For the following reasons, I deny the City's motion.

I.

In assessing the city's motion to dismiss, I must accept all well-pled facts in Brown's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to Brown. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is proper only if Brown can prove no set of facts to support that claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

In support of its motion to dismiss, the city has presented a copy of a certified statement of disposition issued by the clerk of the Circuit Court of Cook County showing that on April 6, 2006 the charges against Brown that form the basis of her malicious prosecution claim were stricken with leave to reinstate. I may

---

[1] The city's motion to dismiss also contends that I should dismiss the city as a defendant to Count I because Brown has failed to allege that the city has any liability under *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978). However, at a hearing before me on December 20, 2006 the plaintiff represented that she was not seeking municipal liability under section 1983, and at that time the city withdrew its motion to dismiss as to Count I.

2

consider this document without converting the City's motion to dismiss into a motion for summary judgment because this document is a matter of public record. *See, e.g.*, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

II.

The city argues that I should dismiss Count II of Brown's complaint, a malicious prosecution claim, because Brown has failed to sufficiently allege that the state court proceedings terminated in her favor. The city has presented a copy of the certified copy of disposition for the charges at issue in Brown's complaint showing that on April 6, 2006, the charges were stricken with leave to reinstate. The city does not dispute Brown's assertion that the time for reinstatement has expired.

Under Illinois law, in order to establish a malicious prosecution claim a plaintiff must show:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.

*Swick v. Liautaud*, 169 Ill. 2d 504, 512, 215 Ill. Dec. 98, 102, 662 N.E.2d 1238, 1242 (1996) (internal citations omitted). To determine whether a termination was in favor of the plaintiff, Illinois has adopted the view of the Restatement (Second) of Torts, which provides that a "demurrer or its equivalent" may be an

adjudication in favor of the plaintiff "depend[ing] upon the circumstances under which the proceedings are withdrawn." *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill. 2d 267, 276, 226 Ill. Dec. 604, 609, 685 N.E.2d 1347, 1352 (1997) (quoting Restatement (Second) of Torts § 674 cmt. j (1977)). In *Cult Awareness*, the Illinois Supreme Court held that where a plaintiff alleged that a civil proceeding was terminated in his favor by summary judgment or a voluntary *or involuntary dismissal*, a plaintiff had stated a claim for malicious prosecution; the court further stated that "[w]hether these dispositions ultimately *are proved by plaintiff* to be indicative of a lack of probable cause remains a question of fact which cannot be answered at this stage of the litigation." *Cult Awareness Network*, 177 Ill. 2d at 277-80, 226 Ill. Dec. at 611, 685 N.E.2d at 1354 (emphasis in original). This holding is in keeping with the holding in *Swick*, in which the Illinois Supreme Court likewise determined that, although the entry of a *nolle prosequi* alone is not sufficient to establish a favorable termination, a plaintiff may meet his burden of proof to show this is a termination in his favor when he can show that the *nolle prosequi* order was entered "in a manner indicative of his innocence." 169 Ill. 2d at 513-15, 215 Ill. Dec. at 103, 662 N.E.2d at 1243. These cases support Brown's assertion that her allegation that her case was stricken with leave to reinstate, and that the time for the prosecution to reinstate those charges has

4

now passed, is sufficient to state a claim for malicious prosecution.

The city responds that Brown's claim is insufficient because she fails to specifically plead that the state's attorney dismissed the case because of Brown's innocence, or in a way that indicated her innocence. While this is true, it does not defeat her claim. I agree that ultimately Brown will need to establish more than just that the charges against her were stricken with leave to reinstate and that the time to reinstate the charges has passed. *See, e.g.*, *Vincent v. Williams*, 279 Ill. App. 3d 1, 3-4, 216 Ill. Dec. 13, 15-16, 664 N.E.2d 650, 652-53 (Ill. App. Ct. 1996). However, Brown's complaint satisfies the requirements of federal notice pleading by putting the defendants on notice of her claims. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (noting that a claimant "need not allege facts corresponding to each 'element' of a statute" or "identify, and plead specifically to, each ingredient of a sound legal theory" but need only "narrate a grievance simply and directly" so that the defendants know of what they have been accused). Here, Brown has alleged that the defendant officers wrote reports falsely stating that she had resisted arrest and committed the offenses of criminal trespass and battery, that she was charged based on those false reports, that the charges were dismissed, and that she was innocent of the charges. Taking her allegations in the light most favorable to her, she can prove that

5

the charges were terminated in a manner consistent with her innocence.

III.

For the above reasons, I deny the City's motion to dismiss.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 13, 2007